## MONAGAS ET AL. *v*. ALBERTUCCI.

### APPEAL from the District Court of Mayagüez.

No. 561.—Decided June 5, 1911.

APPEAL—ERRORS NOT ASSIGNED IN BRIEF—EXCEPTIONS TAKEN AT TRIAL.—When the appellant, by not assigning in his brief the errors on which he bases his appeal, fails to comply with the provisions of rules 42 and 43 of the Rules of the Supreme Court, this court may consider the exceptions taken at the trial, especially when they involve a fundamental question and the adverse party does not object to such consideration.

INTERPRETATION OF WRITTEN CONTRACT—SALE WITH RIGHT OF REDEMPTION—INTENTION OF CONTRACTING PARTIES.—To determine whether a written contract of sale with right of redemption is such contract or simply a mortgage, the existence or non-existence of a debt or obligation between the contracting parties may, as a general rule, be taken as a basis, for if such debt or obligation existed the contract may be considered as mortgage security; but, on the other hand, if such debt or obligation did not exist, it is simply a contract of sale with right of redemption.

ID.—INTENTION OF CONTRACTING PARTIES—CIRCUMSTANCES TO BE CONSIDERED.—To determine the real intention of the contracting parties in a sale with right of redemption, and to decide whether it is such a contract or simply a mortgage security, the courts may consider the following circumstances: The existence of a collateral agreement executed by the vendor, in which he binds himself to pay to the vendee a specific sum of money; the payment of interest by the vendor; the low price of the sale; the continued possession by the vendor of the thing sold, and his request for a loan before or during the negotiations for the sale.

ID.—SALE WITH RIGHT OF REDEMPTION—ADMISSION OF PAROL EVIDENCE.—INADMISSIBLE EVIDENCE.—When from the intention of the parties and from the previous and co-existent acts of the contracting parties such conclusion is not reached, parol evidence, to vary the terms of a written contract of sale with right of redemption in order to prove that it is not such a contract, but one of mortgage security, is inadmissible.

The facts are stated in the opinion.

*Messrs. F. L. Cornwell* and *Fernando Vázquez* for appellants.

*Mr. Manuel F. Rossy* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was brought for the redemption of a house and lot from a conditional sale which plaintiffs claim was only

a mortgage. On March 7, 1910, the District Court of Maya-
güez in this case rendered the following judgment, to wit:

"This cause came on to be heard on the 11th of February, 1910,
the plaintiffs appearing through their counsel, Messrs. F. L. Corn-
well and Fernando Vázquez, and the defendant through her counsel,
Miguel Juan Llaneras, Esq. After the arguments were heard and
the evidence introduced, the court considered the briefs filed by both
parties, reserving its decision until the 7th of March, 1910, on which
day the judge files findings of fact and conclusions of law; and in
accordance therewith orders that the plaintiffs pay to the defendant,
within the term of fifteen days, the sum of $6,000 as principal, plus
$100 for repairs made on the property in question by the defend-
ant, and that the latter return and deliver to the plaintiffs the pos-
session of such property, executing in their favor the necessary deed
of conveyance; and in case she (the defendant) refuses to do this,
that said sums be deposited, within the term prescribed, with the
secretary of this court at the disposal of the defendant, and that said
deed be executed by the marshal of this court; and this case is
decided without any special imposition of costs. Let this judgment
be entered in the proper book of the court, and an order be issued
to the marshal for its execution."

From this judgment both parties appealed to this court
and the case was heard herein on January 11 last. Neither
of the parties appellant having complied with rules 42 and 43
of this court at the hearing, on the close of the oral argument
attention was called thereto and, at their request, 10 days'
time was conceded to each of them to file their assignments
of error. The plaintiffs, on the last day granted, filed an
assignment complying with the rules, but the defendant failed
so to do.

Although the defendant failed to file an assignment of
errors in accordance with the permission granted her coun-
sel on the day of the hearing in this court, an exception was
taken on the trial in the court below and is set out in the
record, which presents her case clearly, and as it shows, if
well founded, a fundamental error, may be considered by us

here in the absence of any objection thereto by the adverse
party.

The record states it as follows:

"When the plaintiff, Juan A. Monagas, testified the defendant
objected that the plaintiffs were trying to introduce oral evidence
to deny the existence of a written document, and that said oral evi-
dence was inadmissible. The plaintiffs declared that they were going
to prove that the document was not an instrument of sale, but that
it had been the intention of the makers to constitute a mortgage. The
defendant replied that only such a mortgage as appeared in a public
deed was valid. The judge admitted the evidence, and the defend-
ant took an exception."

Then let us first examine this question raised by the
defendant's exception. She virtually maintains the proposi-
tion that parol evidence was inadmissible, under our Civil
Code, to vary the terms of the sale, and that an improper
construction was put on the written contract entered into
between the parties.

The whole case really turns on the question of whether
the written instrument in controversy was a mortgage or a
conditional sale. If it is the latter, it must be complied with
according to its terms; if the former, the plaintiff must be
allowed to repay the money received and take a reconveyance
of the land. The real intention of the parties at the time
the written instrument was made must govern in the inter-
pretation given to it by the courts. This must be ascertained
from the circumstances surrounding the transaction and from
the language of the document itself. The correct test, where
it can be applied, is the continued existence of a debt or
liability between the parties. If such exists, the conveyance
may be held to be merely a security for the debt or indemnity
against the liability. On the contrary, if no debt or liability
is found to exist, then the transaction is not a mortgage, but
merely a sale with a contract of repurchase within a fixed
time. While every case depends on its own special facts,
certain circumstances are considered as important, and the

courts regard them as throwing much light upon the real intent of the parties and upon the nature of such transactions. Such are the existence of a collateral agreement made by the grantor for the payment of money to the grantee, his liability to pay interest, inadequacy of price paid for the conveyance, the grantor still remaining in possession of the land conveyed, and any negotiation or application for a loan made preceding or during the transaction resulting in the conveyance.

The American doctrine on this subject does not differ materially from the principles set forth in our Civil Code. (3 Pomeroy's Equity Jurisprudence, paragraphs 1194 and 1195; Civil Code of Porto Rico, paragraphs 1248, 1249, 1250, 1348, 1410, and 1421.)

In accordance with these principles, we must consider the conveyance in this case as a conditional sale, and that plaintiff has failed to comply therewith.

We are further satisfied that the exception of the defendant was well taken and ought to have been sustained, and that the court consequently erred in its judgment. Since all the plaintiffs' assignments of error are based on the assumption that the fundamental instrument of writing was a mortgage and we find it to be a conditional sale, it is unnecessary to further consider them here.

In regard to the first legal point submitted by the plaintiffs, in addition to their assignment of errors, we cannot agree that a false consideration is stated in the contract, and therefore decline to hold it null under section 1243 of the Civil Code. The second legal point is immaterial under the views we take of the law and the facts of the case as presented in the record.

Taking these views, the judgment should be reversed and the complaint be dismissed without special imposition of costs.

                                        *Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.